# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| ELHADJ ALPHA MAHMOUD SOUARE, | ) | CASE NO. 5:25-cv-1152 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | CHIEF JUDGE SARA LIOI |
| | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| vs. | ) | |
| | ) | |
| | ) | |
| ELIZA HILL, *et al*, | ) | |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | |

*Pro se* plaintiff Elhadj Alpha Mahmoud Souare ("plaintiff") filed this civil rights action under 42 U.S.C § 1983 against Summit County Domestic Relations Court Magistrate Eliza Hill ("Magistrate Hill"), Guardian Ad Litem Pam Reid ("Reid"), and Family Court Services Evaluator Jean Dietz ("Dietz") (collectively "defendants"). In his complaint, plaintiff challenges a child custody and support order issued by Magistrate Hill. He claims that, during the course of the domestic relations proceedings that resulted in the aforementioned order, he was denied due process, access to the courts, and equal protection. Plaintiff seeks monetary damages and injunctive relief. (*See generally* Doc. No. 1 (Complaint).)

Defendants filed a motion, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss the complaint. (Doc. No. 9.) Plaintiff filed an opposition brief (Doc. No. 10) and two supplemental briefs (Doc. Nos. 11, 14), and defendants filed a reply. (Doc. No. 12.) Without leave, plaintiff filed a sur-reply (Doc. No. 13) and a supplement to the sur-reply. (Doc. No. 15.) Given his *pro se* status, the Court

has reviewed and considered these unauthorized filings.

For the reasons that follow, the motion to dismiss is granted and this case is dismissed.

## I.  BACKGROUND

Plaintiff's complaint contains few factual allegations. He asserts that he had a child custody-related hearing in the Summit County Domestic Relations Court "[o]n or about November 23, 2023." (Doc. No. 1 ¶ 8.) According to plaintiff, Magistrate Hill conducted the hearing without his participation and issued a child custody and support order without affording him "proper notice or an opportunity to be heard." (*Id*. ¶ 9.) He claims that when he attempted to participate in the hearing, Magistrate Hill yelled at him and ended the hearing prematurely. (*Id*. ¶ 10.) Further, he maintains that he was not timely served with a copy of the order, "depriving him of the opportunity to appeal the child support order." (*Id*. ¶ 11.) Additionally, he posits that unidentified court employees forced him to complete paperwork "on the spot" and refused to process the paperwork unless he "completed it under pressure." (*Id*. ¶¶ 12–13.)

In their dispositive motion, defendants argue, in part, that Reid and Dietz are entitled to dismissal because the complaint contains no factual allegations against them, and they are not otherwise mentioned by name in the body of the pleading. (Doc. No. 9, at 4–5 (All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.).) Defendants also argue that all defendants are entitled to absolute immunity for their activities during the child custody and support proceedings. (*Id*. at 6.) They append to their motion a copy of Magistrate Hill's decision from the hearing allocating parental rights for plaintiff's minor child and ordering plaintiff to pay child support and satisfy the

arrears. (Doc. No. 9-1 (Magistrate's Decision).[1]

## II.  STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the pleading. *Davis H. Elliot Co., Inc. v. Caribbean Util. Co., Ltd.*, 513 F.2d 1176, 1182 (6th Cir. 1975). All allegations of fact by the non-moving party are accepted as true and construed in the light most favorable to that party. *See Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998) (citing *Meador v. Cabinet for Human Res.*, 902 F.2d 474, 475 (6th Cir. 1990)). The court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999) (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)).

The sufficiency of the pleading is tested against the notice pleading requirements of Fed. R. Civ. P. 8. Rule 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Although this standard is liberal, Rule 8 still requires a complaint to provide the defendant with "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw

---

[1] While plaintiff alleges that the hearing took place on or about November 23, 2023, Magistrate Hill's decision indicates that the hearing was conducted on November 17, 2023. (Doc. No. 9-1, at 1; *see also* Doc. No. 13, at 1 (plaintiff suggesting that the hearing took place on November 27, 2023).) The discrepancy is not material to the Court's resolution of the pending motion to dismiss.

the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556).

A plaintiff "generally need not plead the lack of affirmative defenses to state a valid claim, *see* Fed. R. Civ. P. 8(a) (requiring 'a short and plain statement of *the claim*' (emphasis added))[.]" *Cataldo v. U.S. Steel Corp*., 676 F.3d 542, 547 (6th Cir. 2012); *see Memphis, Tenn. Area Local, Am. Postal Workers Union, AFL-CIO v. City of Memphis*, 361 F.3d 898, 904 (6th Cir. 2004) ("A complaint need not anticipate every defense and accordingly need not plead every response to a potential defense." (citation omitted)). Even in the wake of *Iqbal* (and *Twombly*), a party "is not required to anticipate and respond to every affirmative defense that a defendant may choose to assert. To find otherwise would require a complaint to address and overcome every possible affirmative defense." *Rumpz v. Am. Drilling & Testing, Inc.*, No. 09-10971, 2009 WL 3464826, at *6 (E.D. Mich. Oct. 23, 2009); *see Jones v. Bock*, 549 U.S. 199, 216–17, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007) (a complaint need not refute affirmative defenses).

In entertaining a Rule 12(b)(6) motion, the court may consider documents that are referred to in the pleadings and are integral to the claims without converting the motion to one for summary judgment. *See Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (citing *Amini v. Oberlin Coll*., 259 F.3d 493, 502 (6th Cir. 2001)); *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.,* 508 F.3d 327, 335–36 (6th Cir. 2007) (citation omitted); *see also Weiner v. Klais & Co., Inc*., 108 F.3d 86, 89 (6th Cir. 1997) (court may consider documents that govern a party's rights and are necessarily incorporated by reference in the complaint on a motion to dismiss (citations omitted)). Because Magistrate Hill's order is referenced in the complaint and is integral

to plaintiff's claims, the Court may consider the order without converting the Rule 12(b)(6) motion into one under Fed. R. Civ. P. 56.

### III. DISCUSSION

#### A.  There are No Complaint Allegations against Reid or Dietz

Plaintiff fails to allege *any* facts pertaining to Reid, who was appointed to serve as plaintiff's child's guardian ad litem, and Dietz, who was the Family Court Services Evaluator assigned to plaintiff's child custody and support case. (Doc. No. 9-1, at 1–2; *see* Doc. No. 1 ¶¶ 6–7.) Where a plaintiff merely lists the names of defendants in the caption of a complaint but fails to allege cogent facts in the body of the complaint indicating how each was personally involved in the rights violations he alleges, his complaint is subject to summary dismissal even under the lenient standard accorded *pro se* plaintiffs. *Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (citing *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80–81 (6th Cir. 1995)); *Fraizer v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (affirming dismissal of complaint that did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of federal rights); *see also Rizzo v. Goode*, 423 U.S. 362, 371, 96 S. Ct. 598, 46 L. Ed. 2d 561 (1976) (A plaintiff cannot establish the liability of any defendant absent a clear showing that the defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior.) Plaintiff does not assert any factual allegations in the complaint that identify what actions either of these individuals took that he believes denied him due process, access to the courts, or equal protection.

In his various opposition briefs, plaintiff attempts to bring new allegations against Reid and Dietz. For example, he claims (in conclusory fashion) that Reid "and others made false

statements, ignored material facts, and acted with bias and intimidation." (Doc. No. 10, at 2.) He further claims that Reid "actively participated in processing and misprocessing judicial notices and transcripts, causing denial of access to meaningful review[.]" (Doc. No. 11, at 4.) As for Dietz, he asserts (again without any specificity) that she was "involved in communications and administrative decisions that unlawfully interfered with [p]laintiff's ability to be heard in court, including falsely noting failures to appear and obstructing case access." (*Id.*) Assertions in a response brief, however, are not part of a complaint and cannot be considered allegations. *See Johnson v. Metro. Gov't of Nashville & Davidson Cnty., Tenn.*, 502 F. App'x 523, 541–42 (6th Cir. 2012) (citing Moore's Federal Practice § 12.34 ("The court may not . . . take into account additional facts asserted in a memorandum opposing the motion to dismiss, because such memoranda do not constitute pleadings under Rule 7(a).")); *Key v. Metro Nashville Police Dep't*, No. 3:20-cv-565, 2021 WL 809686, at *5 (M.D. Tenn. Mar. 3, 2021) (citing *Orea Energy Grp., LLC v. E. Tenn. Consultants, Inc.*, No. 3:09-cv-41, 2009 WL 3246853, at *3 (E.D. Tenn. Oct. 6, 2009) ("[T]hese allegations are nowhere to be found in the complaint. They are present only in plaintiff's briefing, and it is a basic principle that the complaint may not be amended by the briefs in opposition to a motion to dismiss.")); *Williams Huron Gardens 397 Trust v. Twp. of Waterford*, No. 18-cv-12319, 2019 WL 2051967, at *6 (E.D. Mich. Feb. 28, 2019) (declining to assume unpled facts or allegations in a case to create a claim for relief), *report and recommendation adopted by* 2019 WL 1324242 (E.D. Mich. Mar. 25, 2019); *see also Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 532 (6th Cir. 2008) ("Ordinarily, when the omission of a critical allegation in a complaint is highlighted by a defendant's motion to dismiss, the appropriate method for adding

new factual allegations is to request leave to amend the complaint in conjunction with responding to the motion to dismiss." (citation omitted)).

The largely conclusory allegations—raised for the first time in a response brief—cannot be considered proper factual allegations. Because there are no complaint allegations directed to Reed and Dietz, the claims against them must be dismissed for this reason alone.

### B.  All Defendants are Entitled to Absolute Immunity

Moreover, all three defendants are entitled to absolute immunity. The Court begins with Magistrate Hill. "A judge performing a judicial act is absolutely immune from a suit seeking monetary damages." [2] *Lloyd v. Doherty*, No. 18-3552, 2018 WL 6584288, at *4 (6th Cir. Nov. 27, 2018) (citing *Mireles v. Waco*, 502 U.S. 9, 10, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991)); *see Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997) (collecting cases). Judges and judicial officers are accorded this broad protection to ensure that the independent and impartial exercise of their judgment in a case is not impaired by the exposure to damages by dissatisfied litigants. *Barnes*, 105 F.3d at 1115. For this reason, absolute immunity is overcome only in two situations: (1) when the conduct alleged is performed at a time when the defendant is not acting as a judge; or (2) when the conduct alleged, although judicial in nature, is taken in complete absence of all subject matter

---

[2] Though it is not entirely clear, plaintiff also appears to seek injunctive relief against Magistrate Hill and the Summit County Domestic Relations Court. (Doc. No. 1, at 2.) However, "injunctive relief shall not be granted" in an action brought against "a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." *Savoie v. Martin*, 673 F.3d 488, 496 (6th Cir. 2012) (quoting 42 U.S.C. § 1983 and citing *Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999)). Plaintiff has failed to point to any declaratory decree that was violated or plausibly allege that declaratory relief was unavailable. Further, plaintiff seems to be requesting that this Court provide judicial oversight for all activities of the state domestic relations court going forward. (*See* Doc. No. 1, at 2.) But federal courts do not sit to oversee or supervise state court proceedings. The *Younger* doctrine "espouse[s] a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." *Kircher v. City of Ypsilanti*, 458 F. Supp. 2d 439, 450 (quoting *Middlesex Cnty. Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423, 431, 102 S. Ct. 2515, 73 L. Ed. 2d 116 (1982) and referencing *Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971) (holding federal courts should abstain from interfering with pending state court proceedings))).

jurisdiction of the court over which he or she presides. *Mireles*, 502 U.S. at 11–12; *see Lloyd*, 2018 WL 6584288, at *4 ("Absolute judicial immunity is overcome only when a judge engages in non-judicial actions or when the judge acts in the complete absence of jurisdiction.") Moreover, a "judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority[.]" *Stump v. Sparkman*, 435 U.S. 349, 356, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978).

The exceptions to immunity do not apply in this case. Although plaintiff states that he is suing Magistrate Hill in her individual capacity for actions taken outside of her judicial role, the only allegations against her in the complaint pertain to her conduct as a magistrate presiding over the custody and support hearing. Plaintiff alleged no facts plausibly suggesting that Magistrate Hill's conduct at issue was performed at a time when she was not acting as a judge or that she completely lacked subject matter over the child custody and support case before her. *See Mireles*, 502 U.S. at 11–12.

To be sure, plaintiff takes issue with Magistrate Hill's performance of her duties as judge. He alleges that Magistrate Hill conducted the hearing without affording plaintiff notice and an opportunity to be heard. (Doc. No. 1 ¶ 9.) He accuses Magistrate Hill of yelling at him and "prematurely" ending the proceedings when he attempted to participate in the hearing. (*Id*. ¶ 10.) Additionally, he complains that he was not timely served with a written copy of Magistrate Hill's decision. (*Id*. ¶ 11.) But these allegations indisputably relate to Magistrate Hill's performance of a core judicial function in adjudicating the child custody and support proceeding. Magistrate Hill is entitled to judicial immunity, *see Leech v. DeWeese*, 689 F.3d 538, 542–43 (6th Cir. 2012), and plaintiff's dissatisfaction with Magistrate Hill's decision and actions are insufficient to overcome

immunity. *Mireles*, 502 U.S. at 12–13 ("If judicial immunity means anything, it means that a judge will not be deprived of immunity because the action [] was in error or was in excess of his authority." (cleaned up)).

Reid is also entitled to immunity. Nonjudicial officers, like clerk's office employees and victim advocates, whose official duties have an integral relationship with the judicial process, are also entitled to absolute immunity for federal law claims involving their quasi-judicial conduct. *See Foster v. Walsh*, 864 F.2d 416, 417–18 (6th Cir. 1988) (finding clerk of court was entitled to immunity for issuing an arrest warrant, which was a "truly judicial act" (quotation marks and citation omitted)). In *Kurzawa v. Mueller*, 732 F.2d 1456 (6th Cir. 1984), the Sixth Circuit conclude that a guardian ad litem, as a person "integral" to the "the judicial process," was entitled to absolute immunity from the plaintiff's § 1983 claims. The court explained:

> Baldwin[,] who functioned as guardian ad litem for [the minor child], must act in the best interests of the child he represents. Such a position clearly places him squarely within the judicial process to accomplish that goal. A guardian ad litem must also be able to function without the worry of possible later harassment and intimidation from dissatisfied parents. Consequently, a grant of absolute immunity would be appropriate. A failure to grant immunity would hamper the duties of a guardian ad litem in his role as advocate for the child in judicial proceedings.

*Id*. at 1458.

Here, Reid participated in the child custody and support proceedings as a guardian ad litem. (Doc. No. 9-1, at 1–2; *see* Doc. No. 1 ¶ 6.) She testified during the hearing that she had visited both parents in their home, noting that plaintiff "almost threw her out of the house when she began to discuss shared parenting."[3] (Doc. No. 9-1, at 2.) She expressed concerns regarding plaintiff

---

[3] In his initial opposition brief, plaintiff suggests that he was "mocked and ignored" by Reid and that he was, therefore, exercising "his right to protect his dignity and his child's environment[,]" when he asked Reid to leave his residence.

because his communications with her were abusive and bullying, the minor child appeared unfocused, and plaintiff had not provided for a proper bed for the minor at his residence. (*Id*.) She also stated that plaintiff would need to take child development classes. (*Id*.) Her actions were all integral to the child custody and support proceedings and are entitled to immunity. *See Arsan v. Keller*, 784 F. App'x 900, 908 (6th Cir. 2019) ("Quasi-judicial immunity shields guardians *ad litem* for precisely what Arsan argues it does not—the actions [guardian ad litems] take while investigating, gathering information about the parents and children, and reporting to the court their child custody recommendations." (citing *Kurzawa*, 732 F.2d at 1458)); *see, e.g., Kolley v. Adult Protective Servs*., 786 F. Supp. 2d 1277, 1298–99 (E.D. Mich. 2011) (actions involving a guardian ad litem making recommendations to the domestic relations court are entitled to absolute immunity). Even if the Court also considered the allegations appearing only in the response briefs that Reid made false statements, ignored material facts, and falsified transcripts (*see* Doc. No. 10, at 2; Doc. No. 11, at 4), her conduct would still be an integral part of the judicial process for which quasi-judicial immunity is available. *See Arsan*, 784 F. App'x at 908 (even alleged bias reporting of parenting recommendations are covered by immunity).

Finally, the Court finds that the case evaluator, Dietz, is entitled to quasi-judicial immunity. Case workers and social workers are entitled to absolute immunity from § 1983 claims, "'akin to the scope of absolute prosecutorial immunity,' for conduct 'intimately associated with the judicial phase of the criminal process.'" *Brent v. Wayne Cnty. Dep't of Human Servs*., 901 F.3d 656, 683–84 (6th Cir. 2018) (quoting *Pittman v. Cuyahoga Cnty. Dep't of Children & Family Servs*., 640

---

(Doc. No. 10, at 7.) Plaintiff's view of how Reid executed her duties, however, does not change the *nature* of those duties. They are still covered by immunity.

F.3d 716, 724 (6th Cir. 2011); *Imbler  v. Pachtman*, 424 U.S. 409, 430, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976)). In other words, "social workers are absolutely immune only when they are acting in their capacity as *legal advocates*—initiating court actions or testifying under oath—not when they are performing administrative, investigative, or other functions." *Holloway v. Brush*, 220 F.3d 767, 775 (6th Cir. 2000) (en banc) (emphasis in original).

In the present case, Dietz recommended that the mother remain the sole residential and custodial parent of plaintiff's minor child. (Doc. No. 9-1, at 2.) Such conduct is entitled to immunity, even if, in making her recommendation, Dietz "falsely not[ed plaintiff's] failure to appear" and "obstruct[ed] case access." (Doc. No. 11, at 4.) "The doctrine of absolute immunity applies even if social workers make knowingly false statements in a [child removal] petition and while advocating for the court." *Brent*, 901 F.3d at 684 (citing *Pittman*, 640 F.3d at 725–26). Moreover, while plaintiff attempts in briefing to describe Dietz's unknown actions as "administrative decisions" (Doc. No. 11, at 4), it is clear that these unidentified actions and decisions were intimately associated with the judicial process at the hearing and go to the heart of her duties as a legal advocate.[4] *See Rippy ex rel. Rippy v. Hattaway*, 270 F.3d 416, 421 (6th Cir. 2001) (rejecting argument that inadequate investigation by social worker that led to a recommendation premised on false information was excluded from immunity); *see also Barber v.*

---

[4] Assuming that the unidentified court employees in paragraphs 11-13 of the complaint are Reid or Dietz, their alleged conduct—serving the magistrate's decision, completing forms, and processing court documents—is also covered by immunity. *See Harris v. Suter*, 3 F. App'x 365, 366 (6th Cir. 2001) ("When a clerk files or refuses to file a document with the court, he is entitled to immunity, provided the acts complained of are within the clerk's jurisdiction."); *Pearson v. Oakland Cnty. Circuit Ct.*, No. 1:15-cv-22, 2015 WL 728475, at *4 (W.D. Mich. Feb. 19, 2015) (court clerk and staff entitled to immunity for docketing the plaintiff's filings and rejecting pleadings that did not comply with court rules); *Jonaitis v. Morrison*, No. 1:07-cv-1002, 2008 WL 151252, at *3 (W.D. Mich. Jan. 14, 2008) (holding that "processing documents submitted by a litigant, deciding whether, when, and how to file them, deciding whether a litigant has made a motion, and scheduling or not scheduling hearings on a purported motion, are quintessential quasi-judicial functions" for purposes of absolute immunity (footnotes omitted)).

*Miller*, 809 F.3d 840, 844 (6th Cir. 2015) (recognizing that testifying under oath involves legal advocacy).

Because each defendant is entitled to immunity, plaintiff's claims are subject to dismissal.[5]

## IV. CONCLUSION

For all the foregoing reasons, the motion to dismiss (Doc. No. 9) is granted and this action is dismissed. Pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: August 15, 2025

_____
**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[5] In light of the Court's ruling, it need not reach defendants' alterative argument that plaintiff's claims are barred by the doctrine of res judicata. (*See* Doc. No. 9, at 5–6.)